TANNER, clerk, *v.* O'NEILL, solicitor.

The solicitor of the criminal court of Atlanta is entitled to the same fees as the solicitors-general of the State; and hence there was no error in awarding to such solicitor, on a money rule instituted by the clerk of that court, such fees in each case in which the offense was reduced to a misdemeanor by the act of March 20, 1866.

Submitted May 30, — Decided July 22, 1899.

Money rule.    Before Judge Berry.    Criminal court of Atlanta.    November term, 1898.

*Arnold & Arnold*, for plaintiff.
*Hoke Smith & H. C. Peeples*, for defendant.

COBB, J.    Tanner as clerk of the criminal court of Atlanta brought his petition against Nelms, sheriff, and O'Neill, solicitor of that court, alleging that for the month of September, 1898, the amount realized from fines and forfeitures in that court was $411.45; that the insolvent costs accruing during that month are as follows:    O'Neill, solicitor, $483 in forty-six cases of misdemeanor, Nelms, sheriff, $149.50, petitioner as clerk, $383.75, justices of the peace, $104.45; that defendant O'Neill claims $30.50 each for twenty-three of the misdemeanor cases above referred to, claiming them to be reduced felonies under the act of 1866; that petitioner denies his right to $30.50 for each reduced felony case, and says he is entitled to only $10.50 for each of them; that the $411.45 above referred to as the amount realized from fines and forfeitures for the month of September is now in the sheriff's hands, and he refuses to pay out and distribute the same except on the basis of $30.50 for each of said reduced felonies, which would greatly increase the amount to be paid to the solicitor and diminish the portion due petitioner.    The prayer of the petition was for

a rule absolute against the sheriff, requiring him to distribute the fund in his hands and allow the defendant O'Neill no more than $10.50 for each misdemeanor case prosecuted to trial or plea of guilty, except in such cases of gaming as are provided for in sections 1099–1102 of the Penal Code. The defendant O'Neill answered, and averred that the insolvent costs due him for the month of September were $1,182.50, being made up of thirty-five reduced·felonies and gaming cases at $30.50 each, and eleven ordinary misdemeanors. The sheriff filed no answer; and by agreement of the parties the case was tried upon the petition and answer. The court rendered judgment ordering that the fund in the sheriff's hands be distributed as follows: To the solicitor $30.50 in each of the twenty-three reduced felony cases, $30.50 in gaming cases, and $10.50 in other misdemeanors; to the clerk, $6 in each case and $1 additional for each certificate and seal; to the sheriff $26.50; and the balance of the fund to the justices of the peace. To this judgment Tanner excepted, assigning as error the allowance to the solicitor of $30.50 in each of the reduced felony cases.

To properly determine the question made in this case, it will be necessary to consider several acts of the General Assembly, beginning with the act approved March 17, 1866. By that act it was provided that the county solicitor should receive the same fees as were allowed to the solicitor-general of the circuit in the superior court for such cases as came within the jurisdiction of the county court. Acts 1865–6, p. 71. On March 20, 1866, certain offenses were reduced below the grade of felonies, and the punishment prescribed was the same as that now provided for misdemeanors, with the exception that by that act whipping was allowed as a punishment. Acts 1865–6, p. 233. On December 15, 1866, the act just above referred to was amended so as to provide: "That the fees allowed to solicitors for the prosecution of said crimes in the superior courts shall remain the same as they were before said crimes were reduced below felonies, and the fees in the county courts the same as those herein provided for." Acts 1866, p. 153. Up to this point it will be seen that the county solicitor and the solicitor-general received the same fees for prosecuting the reduced fel-

ony cases, and that those fees were the same as they were before the offenses were reduced. On December 15, 1871, an act was passed establishing a city court in the City of Atlanta, and conferring upon that court criminal jurisdiction over all offenses committed within the limits of the city, "which do not subject the offenders to confinement in the penitentiary or to death." It was also provided that the solicitor-general of the Atlanta circuit should prosecute for all offenses cognizable before the city court, and that his fees should be the same as those allowed him in the superior court for like services. Acts 1871–2, p. 57. Construing this act in connection with the act of December 15, 1866, it will be noticed that the prosecuting officer in the city court of Atlanta was to receive for prosecuting the reduced felony cases the same fees as were received by the solicitor-general before the offenses were reduced. The act of February 28, 1874, establishing a new charter for the City of Atlanta, made no change in reference to the solicitor of the city court of Atlanta or his compensation. Acts 1874, p. 116. By the act of February 21, 1876, the act of 1871, establishing a city court in Atlanta, was amended so as to provide: "That the solicitors of said city court shall . . be appointed by the Governor, and confirmed, commissioned, and sworn as solicitors-general of the superior court, mutatis mutandis, and shall hold the office for four years from the date of appointment; the costs of said solicitors-general to be paid out of the fines and forfeitures of said city court." No change was made in reference to the compensation of the prosecuting officer of this court. Acts 1876, p. 96.

In the case of Taylor v. Van Epps, 58 Ga. 139, decided at the September term, 1876, this court held that larceny from the house was one of the felonies reduced to misdemeanors by the act of March 20, 1866, and that the solicitor-general of the city court of Atlanta was entitled to thirty dollars as costs in such cases. By the act of October 16, 1879, section 1646 of the Code of 1873, which contained the fee bill of solicitors-general, was amended by inserting therein the following: "For each person prosecuted to trial or plea of guilty for any offense not otherwise provided for, five dollars;" but this act had no refer-

ence to reduced felony cases, as the fees in those cases had been provided for. Acts 1878–9, p. 49. The act of October 15, 1879 (Acts 1878–9, p. 136), allowed to county solicitors the same fees as were then allowed by law to solicitors-general for the trial of like cases in the superior court. The act of August 14, 1885 (Acts 1884–5, p. 470), creating a city court for Macon, was cited, but it has no bearing on the question now under consideration, as by that act it was provided that the fees of the solicitor-general of the circuit, who was to act as solicitor of the city court, should be ten dollars in each case prosecuted by him. On September 6, 1891, the present criminal court of Atlanta was established by an act amending the act of 1871, establishing the city court of Atlanta, and was given jurisdiction of all offenses which were not exclusively cognizable in the superior courts. The act provided for a solicitor of that court, who should " be entitled to the same fees as the solicitors-general of said State." It was further provided that: " Whenever the law in relation to the fees of solicitors-general of the superior courts is changed, the change shall apply to the fees of the solicitor of this court." Acts 1890–91, vol. 2, p. 935. No law has been passed since this time changing the fees of solicitors-general for prosecuting for offenses reduced to misdemeanors by the act of 1866, nor has any law been passed affecting the compensation of the solicitor of the criminal court of Atlanta in such cases. The various laws prescribing the compensation of solicitors-general when acting as solicitors in certain city courts from which a writ of error does not lie to this court, of course, can have no application to the solicitor of the criminal court of Atlanta, as he is to receive the same fees as are allowed to solicitors-general for prosecuting cases in the superior courts. From the above summary it will be seen that there has been no law repealing either expressly or by necessary implication the act of December 15, 1866, providing that the fees allowed to solicitors for prosecuting for offenses reduced below felonies by the act of March 20, 1866, should remain the same as they were before the passage of that act. It being provided by the act of 1891, referred to above, that the solicitor of the criminal court of Atlanta should receive the same fees as the solicitors-general of the State, there

was no error in awarding the defendant such fees in each of the reduced felony cases which he had prosecuted.

*Judgment affirmed.   All the Justices concurring.*